```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JAMES RICHARDSON,                :
                                 :   Civil Action No. 10-4939 (RMB)
            Petitioner,          :
                                 :
       v.                        :   **OPINION**
                                 :
DIRECTOR FOR THE BUREAU OF       :
PRISONS, et al.,                 :
                                 :
            Respondents.         :

**APPEARANCES:**

    **JAMES RICHARDSON**, Petitioner pro se
    # 27767-050
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**BUMB**, District Judge

    This matter is before the Court on the application of petitioner, James Richardson, for a writ of mandamus.  Petitioner submitted an application to proceed in forma pauperis, and it appears that he qualifies for indigent status.  For the reasons set forth below, however, the petition for a writ of mandamus will be denied for lack of merit.

                    I.  BACKGROUND

    Petitioner, James Richardson ("Richardson"), brings this petition for a writ of mandamus against the Director of the Federal Bureau of Prisons ("BOP").[1]  The following factual

---

[1] When this case was docketed, the State of New Jersey and the County of Burlington were inadvertently added to the docket

allegations are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of petitioner's allegations.

Richardson seeks this Court to compel the BOP to perform duties allegedly mandated by 42 U.S.C. § 17541(a)(1)(G). This statute purportedly was created as part of the Second Chance Act and requires the BOP to provide incentives for prisoner participation in skills development programs. Richardson states that he has participated in over 15 skills development programs, but has not been extended any incentives within the meaning of 42 U.S.C. § 17541(a)(1)(G). (Petition, ¶¶ 3-5).

Richardson states that he has exhausted his administrative remedies and attaches the BOP responses to his Petition. In response to Richardson's administrative remedy, the Warden wrote, on April 6, 2010:

> Your Education Transcript reveals you completed several courses in the Institution Release Preparation Program, and the Non-Residential Drug Abuse Program. Also, you received certificates for various classes and programs you completed while at this institution, copies of which are in your Central File. At your next regularly scheduled program review in August 2010, you will be reviewed for Residential Re-Entry Center (RRC) placement according to the Second

---

as respondents, although Richardson plainly did not name them as respondents. The error occurred presumably because petitioner listed his place of residence, the State of New Jersey, County of Burlington, on his affidavit immediately below his caption line. Accordingly, the Court will direct the Clerk of the Court to correct the docket and remove the State of New Jersey and County of Burlington as party respondents in this matter.

>    Chance Act of 2007.  Your program participation will be
>    factored into your RRC placement decision.
>
>    With regard to your request for a list of incentives,
>    <u>please be advised that there is no formal list of incentives
>    offered by the Bureau of Prisons</u>.  Programs such as the
>    Residential Drug Abuse Program and Leisure Time have
>    incentives for successful completion including certificates,
>    ceremonies, non-cash and cash awards, and other tangible
>    incentives.  This is for informational purposes only.

(Warden's Response, Dated April 6, 2010, attached to Petition) (emphasis added)

The Regional Director, J. L. Norwood, responded similarly to Richardson's administrative appeal on May 18, 2010. (Administrative Appeal Response, Dated May 18, 2010, attached to Petition).

Richardson seeks mandamus relief, namely, he demands that he be provided with the "statutorily mandated incentives" as required by 42 U.S.C. § 17541(a)(1)(G).

## II.  ANALYSIS

Richardson seeks relief by a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d

Cir. 1970). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief. Richardson cannot show that the right to the writ is clear and undisputable. The statute to which petitioner refers does not mandate specific incentives, nor does it require a formal list.

4

Rather, the statute expressly provides that incentives include those that the Director of the Bureau of Prisons considers "appropriate." 42 U.S.C. § 17541(a)(2)(B). Thus, the relief Richardson actually seeks requires a discretionary determination and is not a clear cut ministerial function of the BOP. Moreover, Richardson has not demonstrated that he has no other remedy.

Therefore, Richardson has failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus. See 28 U.S.C. § 1651.

## CONCLUSION

Based upon the foregoing, Richardson's petition for a writ of mandamus will be denied for lack of merit. No fees or costs of suit will be assessed. An appropriate Order accompanies this Opinion.

                                                             s/Renée Marie Bumb
                                                             RENÉE MARIE BUMB
                                                             United States District Judge

Dated: February 28, 2011